

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>AMIT KHANNA,<br>　　　　　　Debtor. | BAP No. NC-25-1162-NBC<br><br>Bk. No. 23-41124 |
| AMIT KHANNA,<br>　　　　　　Appellant,<br>v.<br>U.S. BANK NATIONAL ASSOCIATION,<br>　　　　　　Appellee. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Charles D. Novack, Bankruptcy Judge, Presiding

Before: NIEMANN, BRAND, and CORBIT, Bankruptcy Judges.

## INTRODUCTION

Debtor Amit Khanna ("Debtor") confirmed a chapter 13[1] plan that

incorporated the contractual payment terms for a HELOC loan from

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of

secured creditor U.S. Bank National Association ("Lender"). Roughly ten months after plan confirmation, Lender issued a notice of increase in the monthly payment based on the contractual terms of the loan. Debtor, acting in pro se, filed an objection to the notice and, shortly thereafter, a motion for summary judgment on the objection.

After several hearings and briefs by the parties, the bankruptcy court entered an order denying Debtor's motion and further indicating its intent, pursuant to Civil Rule 56(f) and Rule 7056, to enter summary judgment in Lender's favor. Nineteen days later, after responsive briefing and a hearing, the bankruptcy court entered an order granting summary judgment in favor of Lender. The second order is the subject of this appeal. Debtor argues summary judgment in Lender's favor was procedurally improper and precluded by genuine issues of material fact. We disagree and AFFIRM.

## FACTS

**A.    The Loan and Debtor's Confirmed Plan**

In February 2015, Debtor opened a home equity line of credit in the amount of $100,000 with Lender (the "HELOC"). The HELOC is secured by a condominium, which is not Debtor's residence but an investment property (the "Property"). The HELOC has an adjustable interest rate and a 10-year draw period (the "Draw Period"), followed by a 20-year repayment

---

Civil Procedure.

2

period (the "Repayment Period"). During the Draw Period, the required minimum monthly payment is only the accrued interest. During the Repayment Period, the HELOC calls for monthly payments of "accrued finance charges plus 0.41557% of the principal loan balance on the last day of the Draw Period." Debtor was current on his payments on the HELOC until the postpetition increase at issue here.

Debtor filed his bankruptcy petition in September 2023. Debtor's chapter 13 plan was confirmed in April 2024 (the "Plan"). The Property is one of three real properties identified in the Plan. The HELOC is listed in Class 8 of the Plan, which is comprised of "secured claims on which Debtor was not in default on the petition date [and as to which] Debtor does not intend to modify the claimant's rights." The Plan lists the "contractual payment" on the HELOC as $779.00 and provides as follows for the treatment of the claim:

> Claimant will retain its lien until the underlying debt is paid in full under nonbankruptcy law. The Debtor or a third party shall make all regularly scheduled contractual payments coming due postpetition.

**B.    Notices of Mortgage Payment Change and Objections**

In February 2025, Lender filed and served a Notice of Mortgage Payment Change using Official Form 410S1 (the "Notice").[2] The Notice

---

[2] The notices and Debtor's subsequent objections were added to the record in Lender's supplemental excerpts of record that was filed with Lender's responsive brief. Debtor filed a motion to strike Lender's supplemental excerpts of record as untimely and not relevant to this appeal. The supplemental excerpts are neither. Many of the

provided the payment owing on the HELOC would change from $699.94 to $1,049.54 effective March 2025.[3] An addendum attached to the Notice noted future postpetition payments will vary based on the account balance and the finance charges accrued during each billing cycle.

Less than two weeks after the Notice was filed and served, Debtor filed an objection to the Notice ("Objection #1"). In Objection #1, Debtor argued the "sudden and unpredictable increase violates the feasibility requirements" of the Plan. Objection #1 also asserted the payment terms of the HELOC are "subject to modification under . . . § 1322(b)(2) and (c)(2)." Invoking the bankruptcy court's equitable powers under § 105, Objection #1 requested a fixed principal-only payment of $450 to $500 per month for the remainder of the Plan's 60-month term. Alternatively, Objection #1 proposed a $70,000 reduction in the principal balance on the HELOC to approximate the amount paid by Debtor through his interest-only payments to date.

Lender filed a response to Objection #1, noting the Plan provides the HELOC will not be modified and all regularly scheduled contractual payments will be made directly. Lender also argued that, contrary to

---

documents submitted by Debtor in his own excerpts of record reference the documents included in Lender's supplemental excerpts of record. The motion to strike is, therefore, denied.

[3] Lender was not required to provide such notices to Debtor. Notices are only required, as noted on the official form used by Lender, for loans secured by a debtor's principal residence, which the HELOC is not.

Debtor's assertions, the terms of the HELOC could not be modified because (1) the HELOC had not matured, and (2) the scheduled value of the Property far exceeded the scheduled loans secured by the Property.

Two weeks after filing his reply in support of Objection #1, Debtor filed and noticed for hearing a motion for summary judgment on Objection #1 (the "MSJ"). The bankruptcy court set Objection #1 for hearing (the "Initial Hearing").

Prior to the Initial Hearing, Lender issued a second Notice of Mortgage Payment Change. That notice provided the payment owing on the HELOC would change from $1,049.54 to $1,117.34 effective April 2025. Debtor responded with another objection ("Objection #2"). Three more notices followed from Lender for the HELOC payments owing for May through July 2025. Debtor responded with an objection to each notice (collectively with Objections #1-2, the "Objections").

## C.     Initial Hearing on Objections and Change of Debtor's Authorities

At the Initial Hearing on May 23, 2025, the bankruptcy court started by noting that while the hearing was scheduled to address Objection #1, additional Objections had been filed in the meantime, and any ruling would "probably apply to the other [O]bjections" as well. The court asked Debtor to look at the bigger picture and describe what he was hoping to accomplish through the Objections. The court noted that if Debtor wanted to modify Lender's payment under the confirmed Plan, Debtor had to file a

motion to modify the Plan and the Objections were not the proper vehicle to seek such relief.

The bankruptcy court then indicated the authorities upon which the MSJ relied—§ 1322(c)(2), Rule 3002.1, and *Mission Hen LLC v. Lee (In re Lee)*, 655 B.R. 340 (9th Cir. BAP 2023)—did not appear to apply or support the relief requested. Debtor disagreed and insisted that the upcoming hearing on his MSJ would address the "substance" of the dispute raised by the Objections. The MSJ hearing was continued to July 16.

Four days after the Initial Hearing, Debtor filed a document captioned "Debtor's Notice of Procedural Clarification . . . and Preservation of Legal Theories." That notice asserted it applied to all Objections filed to date and to the MSJ. The core legal theory was said to remain unchanged: Lender's payment change "conflicts with the terms of the confirmed [Plan] and is procedurally ineffective." However, the statutory and procedural support of the legal theory was purportedly revised to be § 1327(a) (holding a confirmed plan is binding on all parties); §1329(a) (providing any material post-confirmation change in payment obligations requires a plan modification[4]); § 1322(b)(2) and § 506(a) (which govern the treatment of secured claims not secured by debtor's principal residence); and Rule

---

[4] Debtor appeared, however, to incorrectly interpret § 1329(a) to mean that Lender, not Debtor, had to seek a modification of the Plan.

6

9013 (which Debtor incorrectly described as "governing the procedural vehicle for seeking relief"[5]).

## D.    Denial of Debtor's MSJ

Lender timely filed its opposition to the MSJ, a declaration by Lender's custodian of records, and a statement of undisputed and disputed material facts. The supporting declaration attached a copy of the HELOC agreement executed by Debtor. The opposition asserted (1) the HELOC did not mature during term of the Plan, (2) the bankruptcy court cannot use § 105 to change the contractual terms of the HELOC on Debtor's demand, and (3) the underlying Objections were not procedurally proper. Lender noted that Debtor had not objected to Lender's proof of claim and, if Debtor tried to do so now, that would create a factual dispute precluding summary judgment. The principal material dispute noted by Lender was Debtor's description of the transition of the HELOC from the Draw Period to the Repayment Period as a "maturity" of the HELOC.

Debtor timely filed a reply in support of the MSJ. With the reply, Debtor also filed a motion to strike the declaration by Lender's custodian of records. The reply clarified that "Debtor does not contend that the note matured during the [P]lan." Instead, Debtor's argument for summary judgment rested on the proposition that the "[P]lan's fixed payment schedule—not the contract's internal transition to amortization—governs

---

[5] The bankruptcy court indicated at the Initial Hearing that the Objections and MSJ would be treated as contested matters under Rule 9014.

7

during the [P]lan term." In other words, Debtor asked that the $779 monthly payment amount identified in the Plan be determined to be the fixed payment amount for the entire Plan term. Debtor requested, in the alternative, the modification of the "fixed payment schedule" pursuant to the court's general powers of equity under § 105. Debtor asked that the monthly payment to Lender be set at $450 to $500 or all monthly payments be directed to be applied to principal only. [6] Significantly, the reply states:

> Every "dispute" raised by [Lender] is either a pure legal issue, a conclusory assertion unsupported by admissible evidence, or a minor procedural quibble. **No triable issue of material fact exists.**

(emphasis in original).

At the MSJ hearing, Debtor argued the HELOC agreement attached to the declaration in support of Lender's opposition was not admissible evidence, Lender was bound by the $779 per month payment specified in the Plan, and no disputed material facts existed to preclude summary judgment. Lender rested on its papers. The bankruptcy court indicated it did not need to reach the motion to strike to give its ruling. The bankruptcy court found that the MSJ presented the sole legal question of whether the transition from the interest-only Draw Period to the principal plus interest Repayment Period during the Plan constituted a maturity event under

---

[6] Debtor's prior filings in the Objections and the MSJ asked for the application of payments to principal only in addition to the reduction of the monthly payments to $450 to $500.

§ 1322(c)(2). The parties did not dispute that the Property securing the HELOC at issue was not Debtor's principal residence. Therefore, the court held that § 1322(c)(2), which only applies to a debtor's principal residence, did not apply as a matter of law, and the MSJ was denied. The court acknowledged Debtor improperly tried to change his argument in his reply to rely on § 1322(b), but the court would not "giv[e] an advisory opinion [on] what you can or can't do under 1322(b)."

The bankruptcy court then advised Debtor of its intent, pursuant to Civil Rule 56(f), to grant summary judgment for Lender as the nonmovant because (1) § 1322(c) does not apply, and (2) Debtor's confirmed Plan provides Debtor will pay the underlying debt in full under the applicable nonbankruptcy law. The court found that "what [Lender] has been doing has been modifying the monthly payment pursuant to the terms of the HELOC." The court entered an order setting the matter for hearing on August 1, with any responsive briefs from the parties due by July 25 (the "Civil Rule 56(f) Order").

E.    **Summary Judgment in Lender's Favor**

On July 18, Debtor filed a motion requesting an extension of time to August 15 to respond to the Civil Rule 56(f) Order so Debtor could "present legal and factual matters material to the proposed judgment." The bankruptcy court denied the extension on July 22, finding the "relevant and undisputed facts were presented by Debtor in his [MSJ] and the application of those facts to the legal issues is straightforward."

9

The next day, Debtor filed a motion to compel discovery from Lender (the "Discovery Motion"). The Discovery Motion requested amortization schedules for February through July 2025, internal payment calculation worksheets and servicing communications, and "authentication and foundation records for all relied-upon documents." Debtor also requested the bankruptcy court grant the Discovery Motion on an expedited basis. On July 24, the bankruptcy court entered an order denying the request for informal or expedited consideration of the Discovery Motion.

On July 25, Debtor timely filed his response to the Civil Rule 56(f) Order.[7] Lender did not file a response. Debtor's response identified three alleged "pure legal questions" that "requir[ed] full adjudication rather than summary disposition:

(1) whether [§] 1327(a) binds creditors to confirmed payment terms;

(2) whether the § 1322(b)(2) anti-modification exception applies to investment-property HELOCs; and

(3) whether the [c]ourt may lawfully decide on unbriefed 'non-bankruptcy law' theories without notice."

The response incorporated by reference all prior filings related to the Objections and the MSJ. The response argued "heightened scrutiny" of the loan records was required because (1) of alleged penalties levied against

---

[7] Also on July 25, 2025, the bankruptcy court held a hearing on Objections #2-4. The court overruled each of these Objections and entered an order so providing. That order incorporated the reasoning stated on the record at the July 16 hearing on the MSJ and the Civil Rule 56(f) Order.

Lender in an unrelated matter for allegedly inaccurate proofs of claim, and (2) Debtor's renewed objection to the declaration in support of Lender's opposition to the MSJ.

At the hearing on the Civil Rule 56(f) Order, the bankruptcy court noted that all parties were bound by the terms of the confirmed Plan and Debtor had not filed a motion to modify the Plan. The court ruled that summary judgment in Lender's favor was warranted under the undisputed facts. On August 5, 2025, the bankruptcy court entered its order granting summary judgment in favor of Lender (the "SJ Order"). Debtor timely appealed the SJ Order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in granting summary judgment in favor of Lender?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's summary judgment ruling. *Lovering Tubbs Trust v. Hoffman (In re O'Gorman)*, 115 F.4th 1047, 1054 (9th Cir. 2024). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

11

"The denial of a request for a continuance of summary judgment pending further discovery is reviewed for an abuse of discretion. A . . . court abuses its discretion only if the party requesting a continuance can show that allowing additional discovery would have precluded summary judgment." *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019); *accord O'Gorman*, 115 F.4th 1047 (reviewing for abuse of discretion the denial of a Civil Rule 56(d) request to defer a summary judgment ruling to complete discovery).

Summary judgment may be affirmed on any ground supported by the record. *Thrifty Oil Co. v. Bank of Am. Nat'l Trust*, 322 F.3d 1039, 1046 (9th Cir. 2003).

## DISCUSSION

The SJ Order was issued pursuant to Civil Rule 56(f)(1), which provides:

> **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant[.]

Debtor raises three challenges to the SJ Order—two procedural and one substantive. First, Debtor asserts inadequate time was given for Debtor to respond to the Civil Rule 56(f) Order. Second, Debtor alleges the bankruptcy court erred in denying time for additional discovery under Civil Rule 56(d). Finally, Debtor asserts a genuine issue of material fact— namely the calculation of the increased payments owing during the

12

Repayment Period—precluded summary judgment. We address each assertion separately.

## A.    Reasonable Time to Respond under Civil Rule 56(f)

Debtor asserts the nine days given to file his response to the Civil Rule 56(f) Order was inadequate. Debtor was, in fact, given both the opportunity to submit a further written response and the opportunity to present oral argument to the bankruptcy court at a separate hearing. Many courts have held that no additional time is required under the facts presented here. "While notice of a court's intent to grant summary judgment pursuant to [Civil Rule 56(f)] is typically required, an exception to this rule applies when there is a fully developed record, a lack of prejudice to the parties, and a decision on a purely legal issue." *Geraczynski v. Nat'l R.R. Passenger Corp.*, Civil Action No. 11-6385 (SRC), 2015 WL 4623466, at *7 (D.N.J. July 31, 2015) (citation omitted).[8] Given that the legal bases upon which the bankruptcy court granted the SJ Order were the exact same legal bases upon which the court denied Debtor's MSJ, the

---

[8] *See also*, *Nicholson v. Securitas Sec. Servs. USA, Inc.*, 830 F.3d 186, 188 (5th Cir. 2016) (holding the notice requirement of Civil Rule 56(f)(1) is satisfied where the issue upon which the court grants summary judgment was fully briefed by the parties); *Obsession Sports Bar & Grill, Inc. v. City of Rochester*, 235 F.Supp.3d 461, 466 (W.D.N.Y. 2017) (same), *aff'd*, 706 Fed.Appx. 52 (2nd Cir. 2017); *Gottlieb v. Rose (In re Khalil),* No. 1:13-ap-01234-MT, 2014 Bankr. LEXIS 1976, at *31-32 (Bankr. C.D. Cal. May 1, 2014) (granting partial summary judgment for nonmovant concurrent with denial for summary judgment for movant).

additional time allowed for Debtor's response was more than accommodating under the circumstances.

Debtor's response to the Civil Rule 56(f) Order argued there were three "pure legal issues" requiring further consideration. Two of those issues were legal rulings the bankruptcy court made as to the MSJ— (1) that the parties were bound by the Plan, and (2) that the "nonbankruptcy" contract terms specified in the Plan determined Lender's treatment. The third issue was an attempt by Debtor to reframe the MSJ that had already been rebuffed by the bankruptcy court in the course of its consideration of the MSJ—alleging that Lender's treatment under the Plan could, through the Objections, be modified under § 1322(b).[9] Section 1322(b) was neither a basis for the relief sought in the MSJ nor a basis for the bankruptcy court's noticed intended ruling as set forth in the Civil Rule 56(f) Order. Therefore, any research or briefing as to § 1322(b) would have been irrelevant.

The issues, even as identified by Debtor's response, had been fully briefed by the parties. Debtor did not, at any point, contest the facts upon which the SJ Order rests: (1) the Property was not Debtor's primary residence; (2) the HELOC had not matured; and, most importantly (3) Debtor had not sought to amend the Plan. The bankruptcy court

---

[9] The bankruptcy court held that the MSJ was limited to the legal theories argued therein, which were § 1322(c) and § 105(a). "The [bankruptcy] court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

correctly applied the notice and response opportunity provisions for Civil Rule 56(f), and Debtor's challenge asserting otherwise is without merit.

## B.    Discovery Allegedly Requested under Civil Rule 56(d)

Next, Debtor alleges his Discovery Motion was a wrongfully denied request under Civil Rule 56(d). The Discovery Motion did not cite Civil Rule 56(d). Instead, the Discovery Motion relied solely on Rule 7037. Debtor's declaration filed in support of the Discovery Motion, however, did reference Civil Rule 56(d). Civil Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

On its face, this provision does not apply to the Discovery Motion. Debtor was not the nonmovant under the Civil Rule 56(f) Order. Further, the "facts" Debtor sought through the Discovery Motion were simply the calculations of the monthly payments due under the terms of the HELOC agreement. Calculations pursuant to the terms of a contract are not "unavailable" facts.

Beyond these fundamental issues, however, the bankruptcy court found that Debtor did not meet his burden of proof to warrant a delay of the court's consideration of summary judgment under Civil Rule § 56(f) to

15

allow discovery. To prevail on a request for additional discovery under Civil Rule 56(d), a party must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017) (citation omitted). The bankruptcy court found that the Discovery Motion was "fatally defective" because it relied upon Rule 7037, which, by its terms, did not apply. Beyond this noted deficiency, however, the bankruptcy court went to great lengths in the order denying the request for informal or expedited consideration of the Discovery Motion to explain why "the information sought is not necessary to respond to the court's intent to enter summary judgment on behalf of [Lender]." That order notes:

> As noted at the July 16 hearing, and again in the Order denying Debtor's motion to extend [the deadline for Debtor's responsive brief], all the facts the court relied on when it indicated its intent to grant summary judgment in [Lender's] favor are undisputed facts, either conceded by Debtor in the record or in his [MSJ]. Debtor's disagreement with the court's application of those facts to the law does not make them disputed, and the inclusion of new "facts" about how [Lender] determines the monthly payment amount will not change the analysis.

The bankruptcy court correctly considered and applied the required elements for relief under Civil Rule 56(d). The court did not cite Civil Rule 56(d) in the order denying expedited consideration of the Discovery

16

Motion as Civil Rule 56(d) was not raised as a basis for the Discovery Motion. However, even if Civil Rule 56(d) had been cited in the Discovery Motion, the record is clear that the bankruptcy court found Debtor had not met the standard required to warrant relief under Civil Rule 56(d). No procedural error has been shown in the bankruptcy court's denial of Debtor's Discovery Motion.

## C. Issues of Material Fact

Finally, Debtor alleges genuine issues of material fact exist that preclude entry of the SJ Order.[10] Summary judgment, whether granted under Civil Rule 56(f) or otherwise, requires two things: (1) the absence of any genuine issue of material fact; and (2) that a party is entitled to judgment as a matter of law. *Wank v. Gordon (In re Wank)*, 505 B.R. 878, 886 (9th Cir. BAP 2014) (citing Civil Rule 56(a)). A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the party against whom summary judgment is sought, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported [basis]

---

[10] In his MSJ, Debtor repeatedly insisted that no genuine issue of material fact existed, under the same issues presented, until the bankruptcy court ruled against him on the MSJ.

for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

The "material facts" asserted by Debtor are the calculations of the payments due under the terms of the HELOC. However, as noted above in the excerpt from the bankruptcy court's order denying the request for informal or expedited consideration of the Discovery Motion, the calculation of the monthly payment would not have changed the bankruptcy court's analysis. Therefore, any such calculation—even if disputed by Debtor—would not have been "material" to the bankruptcy court's consideration of summary judgment in favor of Lender. *See Kurtin v. Ehrenberg (In re Elieff)*, 637 B.R. 612 (9th Cir. BAP 2022) (holding valuation evidence was not "material" because it was irrelevant to the bankruptcy court's summary judgment ruling). Further, "[a] party opposing summary judgment may not simply question the credibility of the [other party] to foreclose summary judgment." *Far Out Prods.*, 247 F.3d at 997.

The bankruptcy court found, in denying the MSJ, that (1) the terms of the Plan bound the parties, (2) Debtor had not sought to amend the Plan, and (3) by the express terms of the Plan, Lender was to be "paid in full under nonbankruptcy law." Thus, the Plan did not, contrary to Debtor's assertions, set a fixed payment scheduled of $779 per month to Lender. Instead, the Plan left the calculation of the monthly payment due under the Plan to the terms of the HELOC agreement, which, at the time the Plan was

filed, was $779.[11] Any dispute as to how any particular monthly payment is calculated under the terms of the HELOC agreement is irrelevant to the bankruptcy court's finding that the HELOC agreement controlled such calculations. The bankruptcy court did not need to reach such calculations to find summary judgment in Lender's favor was appropriate.

The bankruptcy court also found, in denying the MSJ, that the Property was not Debtor's primary residence and the HELOC had not matured. Those findings precluded the application of § 1322(c), which was the asserted basis for the MSJ. However, this finding by the bankruptcy court was really secondary to its finding that the terms of the Plan, which called for payments to Lender under the terms of the HELOC agreement, controlled. The missing erroneous premise in the MSJ is that the Objections could modify the Plan. Such relief, if available under applicable bankruptcy law, requires a separate motion by Debtor under § 1329. The bankruptcy court's ruling that § 1322(c) did not apply simply confirmed such relief was not available.

Debtor has failed to identify any genuine issue of material fact that would have precluded the SJ Order.

## CONCLUSION

Based on the foregoing, we AFFIRM.

---

[11] While these findings are not controversial, as a matter of fact or law, Debtor is also bound by them as he did not appeal the order denying the MSJ.